**Robert Carl WALKER, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Nos. CR/13781, CR/13783.**

United States District Court
D. South Carolina,
Spartanburg Division.

May 9, 1967.

J. Bruce Foster, Spartanburg, S. C.,
Court-appointed counsel, for petitioner.

John D. Williams, U. S. Atty., Albert
Q. Taylor, Jr., Asst. U. S. Atty., Green-
ville, S. C., for respondent.

OPINION and ORDER

DONALD RUSSELL, District Judge.

Relying on Section 3568, 18 U.S.C.,
the petitioner-prisoner seeks, by this pro-
ceeding, to secure credit upon his sen-
tence for pre-sentence custody.

The offense, for the commission of
which petitioner was sentenced, did not
carry a mandatory minimum sentence.
By the literal terms of Section 3568 as
it existed at the time of his sentence (i.
e., May 11, 1965), he was not entitled to
credit upon his sentence for pre-sentence
custody. Moreover, the sentencing
Court, during petitioner's sentencing,
stated that, in fixing sentence, it had
taken into account such pre-sentence cus-
tody. The sentence, when increased by
pre-sentence custody, was less than the
maximum punishment provided for his
offense.

It is the petitioner's contention that,
though the strict language of Section
3568, as of date of his sentence, applied
solely to sentences imposed for offenses
carrying a mandatory minimum, it must
be extended to sentences imposed on all
offenders, including such as that impos-
ed on the petitioner; otherwise, the stat-
ute would work "an unconstitutional dis-
crimination". This, he argues, is the
holding of Dunn v. United States of
America (C.C.A.S.C.1967) 376 F.2d 191
(decided February 24, 1967). And he
asserts that it is immaterial that the
sentencing Court had affirmed that it
had taken his pre-sentence custody in
consideration; Section 3568 imposes a
mandatory duty on the Attorney-General,
separate and different from that of the
Court in its function of sentencing. And
he concludes with the argument that the
result urged by him expresses Congres-
sional intent, since, subsequent to his
sentence, the Section was amended in
1966 to accord with his contention.

It is the position of the Government,
on the other hand, that, in enacting orig-

inally Section 3568, Congress recognized that District Courts normally took into consideration pre-sentence custody in fixing sentences in all cases not requiring a mandatory minimum sentence and sought, by this Section, merely to assure that those prisoners subject to a mandatory minimum sentence had similar consideration. It urged accordingly that, only if it were patent that the prisoner, charged with an offense not carrying a mandatory minimum sentence, had not received consideration for his pre-sentence custody, would the literal language of the statute work an "unconstitutional discrimination", thereby entitling the prisoner to relief. And it asserts that, in this case, the record affirmatively shows that the Court did give petitioner credit on his sentence for pre-sentence custody and he is accordingly not entitled to relief.

This argument of the Government finds compelling support in the concluding language of the Court in the *Dunn* Case, supra:

> "Since judges have traditionally given prisoners credit for time spent in jail awaiting trial, it will be presumed that a prisoner upon whom a shorter term than the maximum was imposed received credit for his pretrial imprisonment, unless the period of that incarceration added to the amount imposed exceeds the maximum sentence or unless it affirmatively appears on the record of the proceedings that he was denied such credit."

Stapf v. United States (C.C.A.D.C. 1966) 367 F.2d 326, upon which the Court in the *Dunn* Case relied, formulated a similar rule, stating its reasoning for such rule in these words (p. 330):

> "We are not here reviewing or in any way impinging on the discretion of the District Court with regard to the basic sentence imposed. That court was free

to impose whatever term of imprisonment it deemed appropriate in the circumstances of the particular case up to and including the maximum authorized by statute. We hold only that once the basic sentence was determined, the court had the duty to credit the defendant's sentence with any presentence custody incurred *for want of* bail.

> "Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given. The problems and expenditure of resources which would be caused by allowing each prisoner to attempt to demonstrate that in his particular case credit was not given, we feel, outweigh any possible unfairness. * * * "

Much as I have been impressed by the able argument of petitioner's Court-appointed counsel, I feel compelled by the language and reasoning of the Court in both the *Dunn* and *Stapf* Cases to deny the petition herein. Under the circumstances attending petitioner's sentence, it will be "conclusively presume(d)" that petitioner received credit for his pre-sentence custody.

Nor can relief be given the petitioner because of the 1966 amendment of Section 3568. *Stapf* is clear on this point. Thus, in note 11, Judge Leventhal said:

> "It is obvious, but we wish to note expressly, that our decision is not equivalent, either in intent or effect, to a retroactive application of the 1966 law, which extends an administrative credit to all sentences, even though substantially below the maximum term."

The petition herein is accordingly denied, and

It is so ordered.

It is further ordered that petitioner be allowed to proceed *in forma pauperis*.