James Woodrow **DEESE**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. A. No. 68–355.**

United States District Court
D. South Carolina,
Columbia Division.

May 9, 1968.

James Woodrow Deese, pro se.

Klyde Robinson, U. S. Atty., for the District of South Carolina, Columbia, S. C., and Marvin L. Smith, Asst. U. S. Atty., Columbia, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

Movant, James Woodrow Deese, seeks relief of this court by motion to correct a twenty-three (23) year sentence imposed on him for the crime of bank robbery. The motion is pursuant to Rule 35 of Federal Rules of Criminal Procedure.

The relief sought by the petition is a reduction in sentence by some eight months and seven days "jail time" spent in the Kershaw County Jail which is a period extending from date of arrest until sentencing.

Movant does not delineate in his petition whether he seeks to have corrected an illegal sentence or a sentence imposed in an illegal manner. Since the time limitations specified in Rule 35 would prevent reduction of sentence imposed in an illegal manner, it is presumed that petitioner's challenge seeks to correct an illegal sentence which may be corrected at any time.

The defendant entered a plea of guilty to two counts of an indictment under the bank robbery on October 26, 1959. He was sentenced to the custody of the Attorney General for twenty-three years with the provision that he be eligible for parole at such time as the Board of Parole might determine.

Movant alleges that simply because he received less than, the maximum sentence is not indicative of the fact that he was given credit for time in incarceration prior to sentencing.

Colloquy between the court and defendant's counsel as revealed by the transcript of the sentencing procedure reveals that prior "jail time" was taken into consideration.[1]

The movant seeks to rely on the court's statement that "Well, I think there is a difference, but, I am not going to give him the maximum." Movant therefore argues that since the late Judge Wyche did not intend to give him the maximum but did give him twenty-three years when the maximum was twenty-five years, he must not and could not have given the movant credit for the eight months served prior to sentencing.

This contention is without merit. As was stated in Stapf v. United States, 367 F.2d 326, at 330 (D.C.C. 1966), "Wherever it is possible, as a matter of mechanical calculations, that credit could have been given, we will conclusively presume it was given." See also Walker v. United States, 268 F.Supp. 68 (D.C.S.C.1967). There can be no doubt in the present situation that "as a matter of mechanical certainty" credit could have been given.

Movant cannot rely on the 1966 amendment to 18 U.S.C.A. § 3568.[2] As

1. The following conversation took place:
   Mr. Bullock: "Your Honor, I would like to point out that this man has been in jail for a period of eight months."
   The Court: "Well, I will take that into consideration."

2. The applicable provisions of 18 U.S.C.A. § 3568 are as follows:

   Effective date of sentence; credit for time in custody prior to the imposition of sentence. The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section,

the court said in Stapf, 367 F.2d at 330, supra, "The problems and expenditure of resources which would be caused by allowing each prisoner to attempt to demonstrate that in his particular case credit was not given, we feel, outweigh any possible unfairness." Therefore, the 1966 amendment is not retroactive. *Walker*, supra.

The petition herein is accordingly denied.

And it is so ordered.

the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.